UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00089-FDW-DCK

| | |
|---|---|
| BRYANT IBEKWE, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) ORDER |
| BLOOD ORANGES, LLC; CRISSCROSS FUNDING; MINICAST, LLC; NATIVE DIGITAL, INC., AMY HILL, MIGUEL SOSA, JULIET SUMMER THOMSON; SCOTT WARD; and JAMES LINEN, | ) ) ) ) ) ) |
| Defendants. | ) |

THIS MATTER is before the Court on a Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Upon review by the Court, for the reasons below, the Motion is GRANTED with regard to Defendants Sosa and Thomson and DENIED with regard to all other moving parties.

**BACKGROUND**

According to the Complaint,[1] Plaintiff Bryant Ibekwe is a resident of Mecklenburg County, North Carolina. (Doc. No. 1, p. 1). His complaint concerns an assortment of defendants[2] including four business entities: Blood Oranges, LLC; CrissCross Funding; Minicast, LLC; and Native Digital, Inc. (collectively, "Entity Defendants"), and five individuals (Amy Hill, Miguel Sosa, Juliet Summer Thomson, and Scott Ward (collectively "Individual Defendants"), as well as James

---

[1] The allegations and assertions of the pleadings and supporting affidavits are to be read in the light most favorable to Plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).
[2] Defendant James Linen has not yet appeared in this matter and is not party to the Defendants' Motion to Dismiss. (Doc. No. 8). Any reference to "Individual Defendants" or "Moving Defendants" does not include Defendant Linen.

1

Linen. (Doc. No. 1, p. 1). Entity Defendants and Individual Defendants are collectively "Moving Defendants."

Plaintiff alleges he and Defendants entered into several loan agreements, ostensibly for the purpose of supporting various business plans and charitable ventures. (Doc. No. 1, pp. 3–4). Plaintiff eventually came to believe Defendants were operating sham businesses to induce loans that Defendants never intended to repay or use for any stated business purpose. (Doc. No. 1, pp. 10–15).

Plaintiff alleges that none of Moving Defendants are residents of North Carolina. According to the Complaint, Entity Defendants are residents of either Delaware, Wyoming, or Missouri with principal places of business in either California or Missouri. (Doc. No. 1, pp. 1–3). Moving Defendants have not challenged this in their pleadings. According to their own affidavits, Individual Defendants are residents of either Florida or Colorado.[3] (Doc. No. 9, Exhibits B–E). Only one of the Defendants, Amy Hill, purports to have ever been to North Carolina, (Doc. No. 23).

Plaintiff alleges all Defendants knew he was a resident of North Carolina when they entered into their business relationships. (Doc. No. 19, Exhibit A). Plaintiff also alleges Defendants knowingly contacted him in North Carolina with the sole purpose of soliciting loans or investments. (Doc. No. 1, pp. 3–4). Defendants assert that none of the agreements were "signed, negotiated, or performed" in North Carolina, (Doc. No. 9, p. 7).

---

[3] Plaintiff's Complaint alleges that, on information and belief, many of the Individual Defendants are residents of California. (Doc. No. 1, pp. 2–3). Plaintiff's other pleadings do not make an issue of Defendants' subsequent claims of residency. See, e.g. (Doc. No. 19). Defendant James Linen has not yet appeared, and Plaintiff has filed a motion to extend the deadline for service. (Doc. No. 20). Defendant Linen is not party to Defendants' Motion to Dismiss (Doc. No. 8).

Before filing an answer, Defendants filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and a memorandum in support of the motion. (Docs. Nos. 8 & 9). Plaintiff filed a memorandum in opposition with an attached affidavit presenting evidence that Defendant Hill was aware of Plaintiff's residency throughout their business relationship. (Doc. No. 19). Moving Defendants replied to Plaintiff's memorandum with an attached affidavit by Defendant Hill countering Plaintiff's assertions. (Docs. Nos. 22 & 23).

## APPLICABLE LAW

Upon a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden is on the plaintiff to make a prima facie showing of the grounds for jurisdiction. See Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). When the court's analysis rests solely on the pleadings and supporting affidavits, the court will read the pleadings and affidavits in the light most favorable to the plaintiff. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). For the court to exercise personal jurisdiction over non-resident defendants, it must comply with the long-arm statute of the forum state, and it must meet the requirements of the Due Process Clause of the Fourteenth Amendment. Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The North Carolina long-arm statute is interpreted to extend jurisdiction to the extent allowed by the Due Process Clause, thereby merging the jurisdictional analysis into a single due process inquiry. Id. The paradigmatic case for personal jurisdiction questions is International Shoe, which requires that "minimum contacts" exist between the defendant and the forum state such that "the suit does not offend traditional notions of fair play and substantial justice."

3

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted); see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011).

A court may exercise general personal jurisdiction over a defendant when that defendant is essentially "at home" in the forum. See Daimler AG v. Bauman, 571 U.S. 117, 127. For a corporate (or other entity) defendant, "at home" will usually mean their domicile and their principal place of business. See id. at 137. For individual defendants, it typically means their domicile. Id. When general personal jurisdiction does not apply, a court may still exercise specific personal jurisdiction if the plaintiff makes a sufficient showing that 1) the defendant purposefully availed themselves of the forum and the benefits and protections of its laws, 2) the plaintiff's claim arises from the purposefully availing conduct, and 3) the exercise of jurisdiction would be constitutionally reasonable. See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

## ANALYSIS

Here, there is no need for extensive analysis of general personal jurisdiction. Plaintiff does not allege that any Defendant is a resident of or has its principal place of business in North Carolina. (Doc. No. 1, pp. 1–3). As for specific personal jurisdiction, the three elements laid out in Consulting Engineers must be met. Here, the second element is easily established. Plaintiff asserts jurisdiction on the basis of alleged solicitations for loans and investments and alleges these solicitations and transactions constitute fraud. (Doc. No. 1); (Doc. No. 19, p. 11). It is, of course, still necessary to show Defendants have purposefully availed themselves of the forum and that jurisdiction would be constitutionally reasonable. As explained below, these elements are met, and the Court may exercise specific personal jurisdiction over Defendants Hill; Ward; Blood

Oranges, LLC; CrissCross Funding; Minicast, LLC; and Native Digital, Inc. As to Defendants Sosa and Thomson, the element of purposeful availment is not met, and the Court may not exercise specific personal jurisdiction over them.

### A. Purposefully Availing Contacts

Specific personal jurisdiction over a foreign defendant requires minimum contacts that "give rise to the liabilities sued on." International Shoe, 326 U.S. at 317. These contacts must be the result of the defendant's own conduct, thereby purposefully availing themselves of the forum. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 877 (2011). A defendant that has accepted the privileges of directing business at the forum state has also accepted the burden of appearing before its courts, even if they have never physically entered the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

In Consulting Engineers, the Fourth Circuit provided a non-exhaustive list of factors to consider when weighing whether the defendant purposefully availed themselves of the forum state:

> [1] whether the defendant maintains offices or agents in the forum state,
> [2] whether the defendant owns property in the forum state,
> [3] whether the defendant reached into the forum state to solicit or initiate business,
> [4] whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> [5] whether the parties contractually agreed that the law of the forum state would govern disputes,
> [6] whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> [7] the nature, quality and extent of the parties' communications about the business being transacted, and
> [8] whether the performance of contractual duties was to occur within the forum.

Consulting Engineers, 561 F.3d at 278 (internal citations omitted). Even with the aid of these factors, this analysis is "not susceptible to mechanical application" of any test. Id. That is, any

one factor—or one not listed—may be sufficient, depending upon the facts. Cf. BeoCare Group, Inc. v. Morrissey, 124 F. Supp. 3d 696, 704 (W.D.N.C. 2015) (holding that sufficient contacts existed to establish personal jurisdiction over a defendant despite that defendant having no offices, property, or employees in the state and having never visited the state).

Moving Defendants place great emphasis on the holding of Consulting Engineers, in which a foreign corporate defendant was held to be beyond the personal jurisdiction of the trial court. In Consulting Engineers, the Fourth Circuit held that mere email and phone communications, even in contemplation of business transactions, are not sufficient contacts to establish specific personal jurisdiction. 561 F.3d at 281. Still, the comparison is not apt. In that case, the communications between the defendants and the plaintiffs in the forum state did not directly result in the creation or sustaining of a substantial business relationship. Id. at 279–80. Moreover, the conduct leading to the lawsuit concerned the performance of a contract outside of the forum state. Id. at 281. Here, Moving Defendants' communications and solicitations resulted in a continuous business relationship, consummated by an assortment of loan agreements. (Doc. No. 1, Exhibits D–I). In addition, the solicitations and loans themselves form the basis for Plaintiff's Complaint. (Doc. No. 1).

The previously referenced case BeoCare Group provides a better comparison. In BeoCare Group, one defendant, Alliance Labs, LLC, was an out of state entity with no offices, property, or employees in the forum. 124 F. Supp. 3d at 704–05. The defendant, however, repeatedly solicited business from an employee of the plaintiff, and the defendant allegedly entered into some transactions on the basis of those solicitations. Id. at 704. The court held personal jurisdiction was appropriate, finding that Alliance Labs had purposefully availed itself of the forum state by

initiating business contacts and entering into an actual business relationship with the employee of a plaintiff they had reason to know was a North Carolina resident. Id.

Here, the emails and loan agreements provided in Plaintiff's complaint tend to show a continuing relationship initiated by Moving Defendants over the course of around four years in which agreements were entered into and money actually changed hands. (Doc. No. 1). Plaintiff has plausibly alleged that at least one Individual Defendant, Amy Hill, knew Plaintiff was a resident of North Carolina throughout their business relationship. (Doc. No. 19, pp. 2–3). Given the business relationship that appears to have existed between Defendant Hill and Defendant Ward—they both hold themselves out as representatives or agents of Entity Defendants and were counterparties to all of the loan agreements at issue—it is similarly plausible that Defendant Ward was aware of Plaintiff's residency. (Doc. No. 1, Exhibits A–O). As in BeoCare, Defendants Hill and Ward have engaged in conduct sufficient to purposefully avail themselves of both the privileges and burdens of doing business in North Carolina.

A corporate or other entity defendant may be subject to personal jurisdiction on the basis of the conduct and contacts of its members, agents, or employees. See International Shoe, 326 U.S. at 319–20. In the course of their contacts, Defendants Hill and Ward held themselves out as representatives of Blood Oranges, LLC; CrissCross Funding; Minicast, LLC; and Native Digital, Inc. (Doc. No. 1, Exhibits A–O). Plaintiff has made a prima facie showing that Entity Defendants purposefully availed themselves of the forum state.

The same cannot be said of Defendants Sosa and Thomson. Plaintiff alleges both are owners or controllers of various Entity Defendants and alleges they both engaged in solicitations similar to those of Defendants Hill and Ward. (Doc. No. 1, pp. 2–8). Based on the statements and

7

exhibits presently before the Court, these allegations are insufficient. Defendant Sosa is listed as a recipient of several communications from Plaintiff, but not as the sender of these communications. (Doc. No. 1, Exhibits J–M). In addition, there is no indication of either Sosa or Thomson having actually transacted business with Plaintiff—as the loan agreements signed by Hill and Ward so indicate. Contacts that are mere communications about potential transactions and are initiated only by the plaintiff or third parties are not sufficient to establish personal jurisdiction. See World-Wide Volkswagen, 444 U.S. at 297; Consulting Engineers, 561 F.3d at 281–82. Furthermore, the contacts of a business entity cannot be imputed to its members or owners without evidence that the individual engaged in their own purposeful contacts with the forum state. V-E2, LLC v. Callbutton, LLC, (No. 3:10-cv-00538), 2012 WL 6108245, at *3 (W.D.N.C. Dec. 10, 2012) (citing Shaffer v. Heitner, 433 U.S. 186 (1977)). Absent further pleadings making plausible allegations to the contrary, Defendants Sosa and Thomson have not purposefully availed themselves of the forum state. Therefore, the test for the exercise of specific personal jurisdiction fails in their case.

**B. Constitutional Reasonableness**

Excepting Defendants Sosa and Thomson, the first and second elements of the test for specific personal jurisdiction as applied to Moving Defendants have been satisfied. The third element that remains is whether the exercise of such jurisdiction would be "constitutionally reasonable." This element is evaluated with a five-factor test: 1) the burden on the defendant, 2) the forum state's interest in hearing the case, 3) the convenience of the plaintiff, 4) judicial efficiency, and 5) the states' interests in "furthering fundamental substantial social policy." See Burger King, 471 U.S. at 477.

In any case, there is some burden on a defendant being forced to litigate in a foreign forum, but this burden is usually reasonable when the defendant could foresee litigating in a particular state because of purposeful contacts with the forum. See CFA Inst. v. Inst. of Chartered Financial Analysts of India, 551 F.3d 285, 296 (4th Cir. 2009). Here, Individual Defendants are Florida and Colorado residents who would be forced to travel to North Carolina in order to appear for trial. However, by soliciting business in North Carolina, they should have reasonably expected they could face liability in this state.

It is obvious that it would be most convenient to Plaintiff, a resident of North Carolina, to litigate in North Carolina. It also requires little analysis to find the forum state has an interest in providing its residents a convenient means by which to vindicate their rights. Judicial efficiency is well served by providing a single forum in which to hear claims concerning diverse defendants, see Beocare, 124 F. Supp. 3d at 706, and neither party has presented another forum as a favorable alternative. (Doc. No. 19, p. 13). There is also no indication in the pleadings of any other "substantive social policy" that would be frustrated by an exercise of personal jurisdiction in this case.

As explained above concerning purposeful availment, Moving Defendants (except Sosa and Thomson) had deliberate contacts with North Carolina. This gave fair notice to these Defendants that they may be subject to suit in North Carolina. Therefore, the burden of litigating in North Carolina does not offend basic constitutional fairness with regard to these Defendants. All other factors concern either Plaintiff or the forum itself, and it has been established there is no patent unfairness with regard to them. It is constitutionally reasonable for specific personal jurisdiction to attach to Defendants Hill; Ward; Blood Oranges, LLC; CrissCross Funding;

Minicast, LLC; and Native Digital, Inc. As applied to these Defendants, the third element of specific personal jurisdiction has been met.

## CONCLUSION

Substantial communications to and solicitations of business from a known resident of the forum state that result in an established business relationship are sufficient "minimum contacts" to establish personal jurisdiction over a defendant. Here, most, but not all, of Moving Defendants engaged in such solicitations and relationships with Plaintiff. Accordingly, the Court may exercise specific personal jurisdiction over Defendants Amy Hill, Scott Ward, Blood Oranges LLC, CrissCross Funding, Minicast LLC, and Native Digital Inc. Based upon the record presently before the Court, the Court may not exercise personal jurisdiction over Defendants Miguel Sosa and Juliet Summer Thomson.

Therefore, the Motion to Dismiss (Doc. No. 8) is DENIED in part with regard to Defendants Amy Hill; Scott Ward; Blood Oranges, LLC; CrissCross Funding; Minicast, LLC; and Native Digital, Inc., and GRANTED in part with regard to Defendants Miguel Sosa and Juliet Summer Thomson. The relevant portions of the Complaint against Defendants Sosa and Thomson are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: May 29, 2018

Frank D. Whitney
Chief United States District Judge